**WO**                             LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judis Ray Andrews, Jr., | No. CV 06-0110-PHX-MHM (JRI) |
|     Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Board of Supervisors, et al., | |
|     Defendants. | |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss (Doc. #17). Plaintiff failed to respond, although he was informed of his rights and obligations to do so (Doc. #19). The Court will grant the motion.

**I. Exhaustion**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, ___ U.S. ___, 2007 WL 135890, at *8-*11 (Jan. 22, 2007). Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is

a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. A court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II. Analysis**

In his First Amended Complaint, Plaintiff alleged that during his incarceration at the Lower Buckeye Jail, he was denied access to the grievance procedures and to the courts, and that his meals were inadequate (Doc. #16). He admitted that the jail had an available administrative remedy but he did not submit a grievance for Counts I and II (Id. at 4-6). For Count I (access to grievance procedure), he alleged that he was unaware of the process and that staff discouraged him from using it (Id. at 4). For Count II (access to the courts), Plaintiff asserted that staff told him that his issue was not grievable and would not give him a grievance a form (Id. at 5). Plaintiff alleged that he completely exhausted Count III about the food because the shift supervisor's response arrived 45 days after he submitted his claim (Id. at 6).

Defendants are the Maricopa County Board of Supervisors, Maricopa County Sheriff Joseph Arpaio, and Captain Clifton. Defendants seek dismissal on the basis that Plaintiff failed to exhaust available administrative remedies (Doc. #17). They contend that Plaintiff filed three grievances regarding religious services, hair clippers, and food. The grievance regarding the food – which is the only one that concerns one of the claims in the amended complaint – was not appealed to the highest level. Further, each grievance form provides instructions on how to appeal to next step if staff does not respond to the grievance. Defendants also assert that Plaintiff's contention that he was unaware of the grievance process is untenable because detention officers routinely distribute grievances and inmates can grieve any type of issue. Also, Defendants point out that Plaintiff was aware of the process because he used it. In support of their assertions, Defendants submit (1) copies of the grievances submitted by Plaintiff, and (2) the affidavit of Sergeant Zelean Tademy, a

1 Hearing Officer for inmate discipline and grievances, describing the process (Exs. 1-2, Doc. #17)

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. #19). He was specifically informed that if Defendants showed that he failed to exhaust, his action would be dismissed unless he produced controverting evidence (Id.).

Plaintiff still failed to respond. He cannot rest on the allegations in his Complaint, particularly considering that his allegations are not fully explained. He has not identified the staff members who told him the issues were not grievable, nor has he described how staff members discouraged him from using the process. Moreover, these assertions are belied by the fact that he was able to file three grievances while in custody, so it is unexplained how he was hindered for some grievance but not others. Also, the fact that he filed three grievances makes untenable his claims that he was unaware of the process and that he was told the issues were not grievable. Defendants have persuaded the Court that Plaintiff had an available remedy.

The only claim that Plaintiff grieved pertained to the food. Defendants have persuaded the Court that Plaintiff failed to take an available avenue of appeal from the denial of this grievance. Plaintiff has not explained why he did not appeal; he merely asserts that the response was untimely. The grievance form, however, clearly indicates that an appeal may be taken to Bureau Hearing Officer after the shift supervisor responds (Ex. 1, Doc. #17). There is no convincing explanation why Plaintiff did not use the available process, and he did not need a copy of the Inmate Rules and Regulations to know that he had an available appeal when the form provided adequate instruction. On this record, Defendants have met their burden of demonstrating the absence of exhaustion, and the Court will grant their motion to dismiss.

In light of this ruling, the Court declines to address Defendants' remaining contentions that Plaintiff failed to state a claim and that the Board of Supervisors is a non-jural entity.

### III. Lack of a Response

Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss. Plaintiff was warned of this possibility (Doc. #19). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff was transferred to the state prison during the course of this litigation and apparently lost interest in prosecuting his action about jail conditions. There is no risk of prejudice to Defendants to resolve the motion in their favor, and judicial efficiency also favors resolution of this action. The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic sanction. In light of the overall five-factor analysis weighing in Defendants' favor, the Court will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. #17) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion or alternately, for failure to respond. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 12th day of February, 2007.

Mary H. Murgula
United States District Judge